UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFREDO RUDY PENA,<br><br>   Petitioner,<br><br>  v.<br><br>CONNIE GIPSON, warden,<br><br>   Respondent.<br>                                           / | No. C 12-1111 SI (pr)<br><br>**ORDER STAYING PROCEEDINGS AND ADMINISTRATIVELY CLOSING CASE** |

**INTRODUCTION**

Alfredo Rudy Pena, an inmate currently incarcerated at Salinas Valley State Prison, filed this *pro se* action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases. His "motion for stay and abey" also is now before the court for consideration.

**BACKGROUND**

The petition and attachments thereto provide the following information: Pena was convicted in Santa Clara County Superior Court of first degree murder and was sentenced on an unstated date to 75 years to life in prison. Pena appealed. On appeal, his conviction was affirmed by the California Court of Appeal. The California Supreme Court denied his petition for review on January 12, 2011. He then filed this action.

## DISCUSSION

A.   Review of Petition

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

The petition alleges the following claims: (1) the trial court's preclusion of third party culpability evidence deprived Pena of his right to due process; (2) the CALCRIM 376 instruction on possession of recently stolen property lightens the prosecutor's burden of proof beyond a reasonable doubt in its description of the corroboration requirement as "slight," Docket # 1, p. 6; and (3) California Penal Code § 1127 violates Pena's federal right to due process "to the extent it requires flight instructions in cases where consciousness of guilt can be inferred from flight only after guilt itself is established." *Id.* Liberally construed, the claims appear to be cognizable in a federal habeas action.

B.   Motion For Stay

Pena moves for a stay of these proceedings so that he may return to the California Supreme Court to have some unexhausted claims heard. In his motion, Pena states that he does not have his state court transcripts and asks this court to order the state court to provide them to him. In his petition, Pena does not indicate that state court remedies were not exhausted for any of the three claims therein. *See* Docket # 1, p. 6.

There are two kinds of stays available in a habeas action: the *Rhines* stay and the

*King/Kelly* stay.[1] A stay under *Rhines v. Weber*, 544 U.S. 269 (2005), "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," the claims are not meritless, and there are no intentionally dilatory litigation tactics by the petitioner. *Id.* at 277-78. Any such stay must be limited in time to avoid indefinite delay. *Id.* The Court cautioned district courts against being too liberal in allowing a stay because a stay works against several of the purposes of the AEDPA in that it "frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceeding" and "undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition." *Rhines*, 544 U.S. at 277.

The *King/Kelly* stay is the second kind of stay and is an alternative method to deal with a petitioner who has some unexhausted claims he wants to present in his federal habeas action. Under the procedure outlined in *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003), "(1) a petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims; and (3) the petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition." *King v. Ryan*, 564 F.3d 1133, 1134 (9th Cir. 2009) (citing *Kelly*, 315 F.3d at 1070-71).[2] A petitioner seeking to avail himself of the *Kelly* three-step procedure is not required to show good cause as under *Rhines*, but rather must eventually show that the amendment of any newly exhausted claims back into the petition satisfies both *Mayle v. Felix*, 545 U.S. 644, 655 (2005), by sharing a "common core of operative facts" and *Duncan v. Walker*, 533 U.S. 167 (2001), by complying with the statute of limitations.

---

[1] Litigants and courts often refer to the procedure as a "stay and abeyance." The phrase refers to the district court "stay[ing] the petition and hold[ing] it in abeyance while the petitioner returns to state court to exhaust." *Rhines v. Weber*, 544 U.S. 269, 275 (2005). For convenience, the court refers to the combined procedure as a stay.

[2] Prior to staying a mixed petition, a court need not require that the petitioner delete the unexhausted issues, as previously required by Ninth Circuit cases, although the court has not considered the continuing propriety of that procedure. *Jackson v. Roe*, 425 F.3d 654, 659-61 (9th Cir. 2005)

1 *Id.* at 1141-43.

2     Here, Pena does not satisfy the requirements for a *Rhines* stay, but does satisfy the requirements for a *King/Kelly* stay. Pena does not satisfy the requirements for a *Rhines* stay because he does not identify any of the claims that he wants to exhaust in state court, so this court cannot determine that they are not plainly meritless; he does not show good cause for failing to exhaust the claims before filing the federal petition, and does not show that he is not and was not engaged in intentionally dilatory litigation tactics. *See Rhines*, 544 U.S. at 277-78. The court therefore cannot grant a *Rhines* stay. However, it is easier for a petitioner to obtain a *King/Kelly* stay. Pena satisfies the only currently applicable requirement for a *King/Kelly* stay, i.e., that his petition has no unexhausted claims. The *King/Kelly* stay does not appear to require that the petitioner identify the unexhausted claims, and does not command that this court decide whether the claims relate back at the time it considers whether to grant a stay. Whether the claims relate back to the petition can be decided when he returns after exhausting state court remedies and moves to amend his petition to add those newly-exhausted claims. The court will grant a *King/Kelly* stay so that Pena may exhaust state court remedies for claims he wishes to present to this court. Pena must file his unexhausted claims in state court within thirty days, and must return to federal court within thirty days of a final decision by the state courts on those claims. *See Kelly*, 315 F.3d at 1070.

    Pena's request for this court to order the state court to provide a copy of his trial transcript is denied. He may contact his appellate counsel to obtain a copy from him/her.

**CONCLUSION**

For the foregoing reasons,

1.     The petition states cognizable claims for habeas relief. The court will not order a response from respondent at this time because the action is being stayed so that Pena can exhaust state court remedies for additional claims.

2.     The clerk shall serve by mail a copy of this order, the petition and all attachments

thereto upon respondent and respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on petitioner.

3. Pena's motion for "stay and abey" is GRANTED. (Docket # 3.)

4. This action is now STAYED and the clerk shall ADMINISTRATIVELY CLOSE the action. Nothing further will take place in this action until Pena exhausts any unexhausted claims and, within thirty days of doing so, moves to reopen this action, lift the court's stay and amend his petition to add any new claims. Pena must act diligently to get his state court petition filed and promptly return to federal court after his state court proceedings have concluded.

5. Petitioner's *in forma pauperis* application is GRANTED. (Docket # 3, # 5, # 6.)

IT IS SO ORDERED.

DATED: July 12, 2012

                                          SUSAN ILLSTON
                                          United States District Judge