UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ALFREDO RUDY PENA,  No. C 12-1111 SI (pr)

    Petitioner,  **ORDER**

  v.

CONNIE GIPSON, warden,

    Respondent.
                                     /

      Alfredo Rudy Pena filed a *pro se* petition for a writ of habeas corpus to challenge his murder conviction from the Santa Clara County Superior Court. At the time he filed his petition, Pena requested a stay and abeyance so that he could exhaust state court remedies for additional claims. The court found that the three claims in the petition were cognizable, but deferred briefing on them because it was granting the stay. *See* Docket # 5. The court wrote:

> This action is now STAYED and the clerk shall ADMINISTRATIVELY CLOSE the action. Nothing further will take place in this action until Pena exhausts any unexhausted claims and, within thirty days of doing so, moves to reopen this action, lift the court's stay and amend his petition to add any new claims. Pena must act diligently to get his state court petition filed and promptly return to federal court after his state court proceedings have concluded.

Docket # 5, p. 5.

      Pena has submitted a letter in which he writes that he is "forwarding new claims [he] would like to add to [his] appeal and lift the motion for stay and abey to continue with new claims." Docket # 6. The attachments to his letter include a few pages of argument for a new fourth claim (i.e., for ineffective assistance of trial counsel), as well as two police reports pertaining to the murder.

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are required first to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. *See* 28 U.S.C. § 2254(b), (c). For a California inmate such as Pena, the exhaustion requirement means that he must present each and every one of his claims to the California Supreme Court to give that court a fair opportunity to rule on the merits of all of those claims.

There is no indication that Pena has exhausted state court remedies for his proposed new claim. He does not state in his letter that he ever presented the ineffective-assistance-of-counsel claim to the California Supreme Court. The California courts website does not have any case listing for any new action in which Pena is a party. The only case listed for Pena in the California Supreme Court is *People v. Pena*, Supreme Court Case No. S188393, the case in which his petition for review was denied on January 12, 2011. There is no more recent action for Pena in the California Supreme Court, according to the California courts website. It thus appears that Pena has not exhausted his ineffective-assistance-of-counsel claim. This court therefore will not reopen the action or lift the stay at this time.

If Pena wants to go forward at this time and have this court consider his habeas claims, he must file a "motion to lift the stay." In that motion, he must inform the court whether he has presented his ineffective-assistance-of-counsel claim (and any other new claims) to the California Supreme Court. Pena is cautioned that, if he files a motion to lift the stay without having first presented those claims to the California Supreme Court, the new claims will be dismissed and the court will proceed to consider the three claims in his original petition.

IT IS SO ORDERED.

DATED: October 19, 2012

SUSAN ILLSTON
United States District Judge