1

2

3

4

5          UNITED STATES DISTRICT COURT

6         NORTHERN DISTRICT OF CALIFORNIA

7

8    ALFREDO RUDY PENA,                        No. C 12-1111 SI (pr)

9                Petitioner,                   **ORDER DENYING MOTION TO LIFT
                                               THE STAY**
10        v.

11   CONNIE GIPSON, warden,

12               Respondent.
     _____/
13

14        Alfredo Rudy Pena filed a *pro se* petition for a writ of habeas corpus to challenge his

15   murder conviction from the Santa Clara County Superior Court.  At the time he filed his petition,

16   Pena requested a stay and abeyance so that he could exhaust state court remedies for additional

17   claims.    The court found that the three claims in the petition were cognizable, but deferred

18   briefing on them because it was granting the stay. *See* Docket # 5.  The court wrote:

19        Nothing further will take place in this action until Pena exhausts any unexhausted claims
          and, within thirty days of doing so, moves to reopen this action, lift the court's stay and
20        amend his petition to add any new claims.  Pena must act diligently to get his state court
          petition filed and promptly return to federal court after his state court proceedings have
21        concluded.

22   Docket # 5, p. 5.

23        On August 13, 2012, Pena submitted a letter to the court that included some argument for

24   a proposed new fourth claim (i.e., for ineffective assistance of counsel ("IAC")).  The court then

25   issued an order that (1) explained the exhaustion requirement, (2) noted that there was no

26   indication that Pena had exhausted state court remedies for the IAC claim, and (3) directed Pena

27   to file a motion to lift the stay if he wanted to have the court consider his habeas claims at that

28   time. *See* Docket # 7.  The court wrote:

**United States District Court**
For the Northern District of California

1   If Pena wants to go forward at this time and have this court consider his habeas claims,
2   he must file a "motion to lift the stay." In that motion, he must inform the court whether
    he has presented his ineffective-assistance-of-counsel claim (and any other new claims)
3   to the California Supreme Court. Pena is cautioned that, if he files a motion to lift the
    stay without having first presented those claims to the California Supreme Court, the new
4   claims will be dismissed and the court will proceed to consider the three claims in his
    original petition.

5   Docket # 7.

6       Pena thereafter filed a motion to lift the stay. He attached to his motion a court order

7   from the Santa Clara County Superior Court denying his habeas petition in which he raised his

8   IAC claim as proof that he had exhausted his state court remedies in the *"Superior* Court of

9   California." Docket # 8, p. 1. <u>Pena has confused two different courts: the county *superior* court</u>

10  <u>is not the California *Supreme* Court.</u> As the court explained in the October 20, 2012 order

11  (Docket # 7), Pena must present a claim to the California *Supreme* Court to exhaust state court

12  remedies for that claim. His presentation of his IAC claim to the Santa Clara County Superior

13  Court did not exhaust state court remedies for the claim. If this court granted his motion to lift

14  the stay, Pena might inadvertently lose the opportunity to have any federal court consideration

15  of his IAC claim. Due to concern that Pena did not understand that presenting a claim to the

16  superior court did not exhaust the claim, the court DENIES Pena's motion to lift the stay without

17  prejudice to him filing a new motion to lift the stay. (Docket # 8.)

18      If Pena wants to have this court consider his IAC claim, he first must exhaust that claim

19  by presenting it to the California Supreme Court to give that court a fair opportunity to rule on

20  the merits of the claim. If he wants to proceed immediately, he may file a new motion to lift the

21  stay and dismiss the IAC claim. Pena is cautioned that, if he files a motion to lift the stay

22  without having first presented the IAC claim (and any other unexhausted claim) to the California

23  Supreme Court, the IAC claim (and any other unexhausted claim) will be dismissed and the

24  court

25  /  /  /

26  /  /  /

27

28

2

will proceed to consider the three claims in his original petition.   In such a situation, Pena almost certainly will lose the opportunity to ever have *any* federal habeas court review of the IAC claim (and any other unexhausted claim).

IT IS SO ORDERED.

DATED: November 27, 2012

_____
SUSAN ILLSTON
United States District Judge