UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFREDO RUDY PENA,<br><br>    Petitioner,<br><br>  v.<br><br>CONNIE GIPSON, warden,<br><br>    Respondent.<br>_____/ | No. C 12-1111 SI (pr)<br><br>**ORDER DENYING MOTION TO LIFT THE STAY** |

Alfredo Rudy Pena filed a *pro se* petition for a writ of habeas corpus to challenge his murder conviction from the Santa Clara County Superior Court. At the time he filed his petition, Pena requested a stay and abeyance so that he could exhaust state court remedies for additional claims. The court found that the three claims in the petition were cognizable, but deferred briefing on them because it was granting the stay. *See* Docket # 5. The court wrote:

> Nothing further will take place in this action until Pena exhausts any unexhausted claims and, within thirty days of doing so, moves to reopen this action, lift the court's stay and amend his petition to add any new claims. Pena must act diligently to get his state court petition filed and promptly return to federal court after his state court proceedings have concluded.

Docket # 5, p. 5.

On August 13, 2012, Pena submitted a letter to the court that included some argument for a proposed new fourth claim (i.e., for ineffective assistance of counsel ("IAC")). The court then issued an order that (1) explained the exhaustion requirement, (2) noted that there was no indication that Pena had exhausted state court remedies for the IAC claim, and (3) directed Pena to file a motion to lift the stay if he wanted to have the court consider his habeas claims at that time. *See* Docket # 7. The court wrote:

> If Pena wants to go forward at this time and have this court consider his habeas claims, he must file a "motion to lift the stay." In that motion, he must inform the court whether he has presented his ineffective-assistance-of-counsel claim (and any other new claims) to the California Supreme Court. Pena is cautioned that, if he files a motion to lift the stay without having first presented those claims to the California Supreme Court, the new claims will be dismissed and the court will proceed to consider the three claims in his original petition.

Docket # 7.

Pena thereafter filed a motion to lift the stay. He attached to his motion a court order from the Santa Clara County Superior Court denying his habeas petition in which he raised his IAC claim as proof that he had exhausted his state court remedies in the *"Superior* Court of California." Docket # 8, p. 1. <u>Pena has confused two different courts: the county *superior* court is not the California *Supreme* Court.</u> As the court explained in the October 20, 2012 order (Docket # 7), Pena must present a claim to the California *Supreme* Court to exhaust state court remedies for that claim. His presentation of his IAC claim to the Santa Clara County Superior Court did not exhaust state court remedies for the claim. If this court granted his motion to lift the stay, Pena might inadvertently lose the opportunity to have any federal court consideration of his IAC claim. Due to concern that Pena did not understand that presenting a claim to the superior court did not exhaust the claim, the court DENIES Pena's motion to lift the stay without prejudice to him filing a new motion to lift the stay. (Docket # 8.)

If Pena wants to have this court consider his IAC claim, he first must exhaust that claim by presenting it to the California Supreme Court to give that court a fair opportunity to rule on the merits of the claim. If he wants to proceed immediately, he may file a new motion to lift the stay and dismiss the IAC claim. Pena is cautioned that, if he files a motion to lift the stay without having first presented the IAC claim (and any other unexhausted claim) to the California Supreme Court, the IAC claim (and any other unexhausted claim) will be dismissed and the court

/ / /

/ / /

1  will proceed to consider the three claims in his original petition. In such a situation, Pena
2  almost certainly will lose the opportunity to ever have *any* federal habeas court review of the
3  IAC claim (and any other unexhausted claim).
4      IT IS SO ORDERED.
5  DATED: November 27, 2012

                                         SUSAN ILLSTON
                                    United States District Judge