UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFREDO RUDY PENA, | No. C 12-1111 SI (pr) |
| Petitioner, | **ORDER LIFTING STAY AND TO SHOW CAUSE** |
| v. | |
| CONNIE GIPSON, warden, | |
| Respondent. | |

## INTRODUCTION

Alfredo Rudy Pena, an inmate at the Salinas Valley State Prison, filed this *pro se* action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Upon his request, the action was stayed so that he could exhaust state court remedies for one or more unexhausted claims. He has recently filed a motion to lift the stay so that he may proceed with the claims in his petition plus the newly exhausted claim.

## BACKGROUND

The petition and attachments thereto state that Pena was convicted in Santa Clara County Superior Court of first degree murder and was sentenced on an unstated date to 75 years to life in prison. Pena appealed. On appeal, his conviction was affirmed by the California Court of Appeal. The California Supreme Court denied his petition for review on January 12, 2011. He then filed this action. After filing this action, Pena filed several unsuccessful state habeas petitions.

**DISCUSSION**

A.   Lifting The Stay

At the time he filed the petition for writ of habeas corpus, Pena also requested that the action be stayed so that he could exhaust state court remedies as to several of his claims for habeas relief. The court granted the stay, and informed Pena that he should move to reopen the action and lift the stay after he completed his efforts to exhaust state court remedies. He recently moved to lift the stay. In the motion, he reports that he has exhausted his state court remedies and is ready to proceed with consideration of his four claims for habeas relief.

Upon due consideration, the court GRANTS Pena's motion to lift the stay. (Docket # 11.) The stay is lifted. The clerk will reopen this action that had been closed administratively.

B.   Review of Petition

Having lifted the stay, the court now conducts a review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

Pena initially filed a petition with three claims. (Docket # 1.) He later filed a letter on August 13, 2012, with an attachment that described his ineffective assistance of counsel claim. (Docket # 6.) The court deems the letter at Docket # 6 to be an amendment to the petition.

The petition, as amended by the letter at Docket # 6, alleges the following claims: (1) the trial court's preclusion of third party culpability evidence deprived Pena of his right to due process; (2) the CALCRIM 376 instruction on possession of recently stolen property lightens

the prosecutor's burden of proof beyond a reasonable doubt in its description of the corroboration requirement as "slight," Docket # 1, p. 6; (3) California Penal Code § 1127 violates Pena's federal right to due process "to the extent it requires flight instructions in cases where consciousness of guilt can be inferred from flight only after guilt itself is established," *id;* and (4) counsel provided ineffective assistance of counsel in that (a) he was "completely unqualified to handle a first degree murder criminal jury trial" and did not know how to prepare for Pena's defense, and (b) he failed to adequately cross-examine witnesses because he did not show false evidence to the jury, Docket # 6, pp. 4, 6.  Liberally construed, the claims appear to be cognizable in a federal habeas action and warrant a response.

**CONCLUSION**

For the foregoing reasons,

1. The petition (Docket # 1), as amended by the letter at Docket # 6, states cognizable claims for habeas relief and warrants a response.

2. The clerk shall serve by certified mail a copy of this order, the petition and all attachments thereto, and the letter at Docket # 6 upon respondent and respondent's attorney, the Attorney General of the State of California.  The clerk shall also serve a copy of this order on petitioner.

3. Respondent must file and serve upon petitioner, on or before **July 12, 2013**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued.  Respondent must file with the answer a copy of all portions of the court proceedings that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

4. If petitioner wishes to respond to the answer, he must do so by filing a traverse with the court and serving it on respondent on or before **August 9, 2013**.

5. Petitioner is responsible for prosecuting this case.  Petitioner must promptly keep the court informed of any change of address and must comply with the court's orders in a timely

fashion.

6. Petitioner is cautioned that he must include the case name and case number for this case on any document he submits to this court for consideration in this case.

IT IS SO ORDERED.

DATED: May 6, 2013

                                      SUSAN ILLSTON
                                  United States District Judge