1
2
3
4
5
6
7
8                       UNITED STATES DISTRICT COURT
9                     NORTHERN DISTRICT OF CALIFORNIA
10
11   ALFREDO RUDY PENA,                   Case No.  12-cv-01111-WHO (PR)
              Petitioner,
12                                        **ORDER GRANTING MOTION TO
         v.                               DISMISS TWO CLAIMS;**
13
                                          **ORDER SETTING BRIEFING
14   CONNIE GIPSON,                       SCHEDULE**
              Respondent.
15
16
17                              **INTRODUCTION**
18          Petitioner Alfredo Rudy Pena seeks federal habeas relief from his state conviction.
19   He stated four claims for relief, two of which respondent moves to dismiss.  Respondent
20   asserts that Claim 3 is unexhausted and untimely, and Claim 4 is untimely.  For the reasons
21   stated below, the motion is GRANTED, and Claims 3 and 4 are DISMISSED.
22                               **BACKGROUND**
23          In 2009, a Santa Clara County Superior Court jury convicted Pena of first degree
24   murder.  In 2012, after being denied relief on state judicial review, he filed a federal
25   petition for writ of habeas corpus.  The Court stayed the action at his request so that he
26   could exhaust his state judicial remedies as to some claims.  Pena did not show good cause
27   for a stay under *Rhines v. Weber*, 544 U.S. 269 (2005), so the Court granted a stay under
28   *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003).  In that order, Pena was warned that he

United States District Court
Northern District of California

1   "must eventually show that the amendment of any newly exhausted claims back into the

2   petition satisfies both *Mayle v. Felix*, 545 U.S. 644, 655 (2005), by sharing a 'common

3   core of operative facts' and *Duncan v. Walker*, 533 U.S. 167 (2001), by complying with

4   the statute of limitations."  (Docket No. 5 at 4.)

5        In 2013, at Pena's request, the Court dissolved the stay and allowed the petition to

6   be amended to include the newly exhausted claims.  In that dissolution order, the Court

7   found the following claims cognizable:  (1) the trial court's exclusion of third party

8   culpability evidence deprived Pena of his right to due process; (2) the CALCRIM No. 376

9   instruction lessened the prosecutor's burden of proof; (3) the flight instruction violated his

10  right to due process; and (4) defense counsel rendered ineffective assistance.  Respondent

11  moves to dismiss Claims 3 and 4.

## DISCUSSION

### I.      Motion to Dismiss Claim 3 as Unexhausted

14       Respondent contends that Claim 3 was never presented to the state supreme court,

15  and therefore was never exhausted.  (Mot. to Dismiss ("MTD") at 3.)  Respondent is

16  correct.

17       Prisoners in state custody who wish to challenge collaterally in federal habeas

18  proceedings either the fact or length of their confinement are first required to exhaust state

19  judicial remedies, either on direct appeal or through collateral proceedings, by presenting

20  the highest state court available with a fair opportunity to rule on the merits of every claim

21  they seek to raise in federal court.  *See* 28 U.S.C. § 2254(b), (c); *Rose v. Lundy*, 455 U.S.

22  509, 515–16 (1982).  A federal district court may not grant the writ unless state court

23  remedies are exhausted or there is either "an absence of available state corrective process"

24  or such process has been "rendered ineffective."  *See* 28 U.S.C. § 2254 (b)(1)(A)–(B).

25       A review of the record shows that although Claim 3 was presented in the California

26  Court of Appeal, it was not in the California Supreme Court in either of Pena's petitions.

27  (MTD, Ex. 1 at 27, and Exs. 2 and 6.)  Accordingly, Claim 3 is DISMISSED.

28

United States District Court
Northern District of California

1    Respondent also contends that it would be futile to allow petitioner to attempt to

2    exhaust Claim 3 because it is time-barred.  As discussed below, this is also true and

3    constitutes a second, independent reason why Claim 3 should be dismissed.

4    **II.    Motion to Dismiss Claims 3 and 4 as Untimely**

5    Respondent contends that Claims 3 and 4 are time-barred because the limitations

6    period expired before they were filed.  Each claim can survive only if it (A) was filed

7    within the limitations period, or (B) relates back to the original petition, thereby escaping

8    the time limit.

9    **A.    Limitations Period**

10   Under The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"),

11   federal habeas petitions must be filed within one year of the latest of the date on which:

12   (1) the judgment became final after the conclusion of direct review or the time passed for

13   seeking direct review; (2) an impediment to filing an application created by

14   unconstitutional state action was removed, if such action prevented petitioner from filing;

15   (3) the constitutional right asserted was recognized by the Supreme Court, if the right was

16   newly recognized by the Supreme Court and made retroactive to cases on collateral

17   review; or (4) the factual predicate of the claim could have been discovered through the

18   exercise of due diligence.  28 U.S.C. § 2244(d)(1).  "[W]hen a petitioner fails to seek a

19   writ of certiorari from the United States Supreme Court, the AEDPA's one-year limitations

20   period begins to run on the date the ninety-day period defined by Supreme Court Rule 13

21   expires."  *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999).

22   The state supreme court denied Pena's petition for direct review on January 12,

23   2011.  (MTD, Ex. 3.)  He did not file a petition with the U.S. Supreme Court, so the one

24   year limitation period started ninety days later, on April 12, 2011.  This means that he had

25   until April 13, 2012 to file a timely federal habeas petition.  He timely filed his original

26   federal petition, which contained the first three claims, on March 6, 2012.[1]  (Docket No.

27   _____

28   [1] Respondent erroneously uses March 8th, a mistake likely caused by a misreading of the
blurry date stamp on the document.

United States District Court
Northern District of California

3

United States District Court
Northern District of California

1.) On May 23, 2012, 40 days after the April 13th deadline, Pena moved to stay the petition so that he could exhaust some claims in state court.  As noted above, the Court had warned when granting the stay that any later added claims might be time-barred.  When he moved on August 13, 2012 to amend his petition to include the new claims (Docket No. 6), a total of 122 days had passed (40 + 82) since the April 13th deadline.

The record supports respondent's contentions.  Claim 4 is untimely because it was filed after the limitations period expired.  Pena is not entitled to statutory tolling for the time he was pursuing this claim in state court because that petition was filed after the federal filing deadline.  *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) (a state habeas petition filed after AEDPA's statute of limitations ended cannot toll the limitation period).

That statute of limitations analysis is the same for Claim 3.  It would be futile to stay this claim to allow another state exhaustion petition because the limitation period has run.

Furthermore, Pena has not shown that he is entitled to equitable tolling as to either claim.  Specifically, he has not shown that "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999).  Pena knew at trial of the factual predicate of the new claims, which are based on jury instructions and the assistance of counsel at trial.  He could have presented these claims at any point following the trial, but failed to do so until it was too late.

If the claims do not relate back to the original petition, they must be dismissed.

### B.     Relation Back

"An amended habeas petition . . . does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Mayle v. Felix*, 545 U.S. 644, 650 (2005) (new coerced confession claim did not relate back to the original

4

petition that raised only a factually distinct Confrontation Clause claim).  A claim relates back to the date of the original pleading only if the original and amended pleadings "'ar[i]se out of the conduct, transaction, or occurrence.'"  *Id.* at 655 (quoting Fed. R. Civ. P. 15(c)(2)).   Only if the original and amended petition state claims that are tied to a common core of operative facts will the new claim in an amended petition relate back to the filing date of the original petition.  *See id.* at 664-65.  *Mayle* explicitly rejected the proposition that the "same 'conduct, transaction, or occurrence' [means the] same 'trial, conviction, or sentence.'"  *Id.* at 664.

Claims 3 and 4 do not meet the requirements of *Mayle*, as a comparison of the original and new claims shows.  The two timely and exhausted claims raised in the original petition are that the (1) trial court's exclusion of third party culpability evidence deprived Pena of his right to due process; and (2) CALCRIM No. 376 instruction lessened the prosecutor's burden of proof.  Claims 3 and 4 are that (3) the use of a flight instruction violated his right to due process; and (4) defense counsel rendered ineffective assistance. Neither the issue of the flight instruction or the effective assistance of counsel relate back because neither arise out of the same "conduct, transaction, or occurrence" as either of the two claims in the original petition.  Compare *Rhoades v. Henry (Haddon)*, 598 F.3d 511, 519-20 (9th Cir. 2010) (district court properly denied leave to amend petition to add claims arising out of alleged misconduct of the prosecutors in another case against defendant based on FBI lab testing because those claims did not relate back to other timely-filed claims about police questioning at the time of his arrest, jailhouse informant testimony, and judicial bias), and *Hebner v. McGrath*, 543 F.3d 1133, 1138-39 (9th Cir. 2008) (district court did not err by denying leave to amend petition where original claim challenged admission of evidence at trial and new claim challenged jury instruction concerning consideration of such evidence; they were two discrete occurrences dependent upon separate transactions not sharing a common core of operative facts), with *Valdovinos v. McGrath*, 598 F.3d 568, 575 (9th Cir. 2010), judgment vacated on other grounds, *Horel v. Valdovinos*, 131 S. Ct. 1042 (2011) (*Brady* claim in amended petition related back to

5

*Brady* claim in original petition where revision added newly discovered evidence that had not been disclosed by prosecutor; both the original and amended claims were "of the same type" in that both pertained to suppressed exculpatory evidence the government had in its file), and *id.* at 575-76 (ineffective assistance of counsel claim in amended petition related back to ineffective assistance of counsel claim in original petition where both claims pertained to counsel's alleged failure to adequately investigate suppressed exculpatory evidence upon learning of it and amended claim "simply adds more evidence that counsel did not uncover").

Accordingly, Claims 3 and 4 are DISMISSED.

<h2 style="text-align:center">CONCLUSION</h2>

For the reasons stated above, respondent's motion to dismiss (Docket No. 18) is GRANTED.  Claims 3 and 4 are DISMISSED.

On October 1, 2014, respondent shall file an answer addressing the merits of the remaining claims.  Pena's traverse shall be filed within 30 days after the answer has been filed.

The Clerk shall terminate Docket No. 18.

**IT IS SO ORDERED.**

**Dated:**  July 11, 2014



WILLIAM H. ORRICK
United States District Judge