1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ALFREDO RUDY PENA,

               Petitioner,

    v.

CONNIE GIPSON,

               Respondent.

Case No.  12-cv-01111-WHO (PR)

**ORDER DENYING PETITION FOR
WRIT OF HABEAS CORPUS**

**INTRODUCTION**

        Petitioner Alfredo Rudy Pena seeks federal habeas relief from his state convictions because (1) the trial court's exclusion of third party culpability evidence deprived him of his right to due process; and (2) the CALCRIM No. 376 instruction lessened the prosecutor's burden of proof.[1]  Because neither of these claims has merit, the petition for habeas relief is DENIED.

**BACKGROUND**

        In 2009, a Santa Clara County Superior Court jury found Pena guilty of first degree murder and first degree robbery.  (Ans., Ex. 6 at 1 (State Appellate Opinion, *People v. Pena*, No. H034159, 2010 WL 4112211 (Cal. Ct. App. Oct. 20, 2010) (unpublished).)  He

---

[1] Pena's two other claims were dismissed upon a motion by respondent.  (Docket No. 20.)

1    received a sentence of 75 years to life in state prison.  (*Id.*)  His attempts to overturn his

2    convictions in state court were unsuccessful.  This federal habeas petition followed.

3            The prosecution proved to the jury's unanimous satisfaction that on May 6, 2007,

4    Pena tied up and strangled to death Johanna Giron, a prostitute, in her hotel room, and then

5    used her credit card for purchases.  The evidence included test results showing that his

6    DNA signature matched that of DNA samples taken from Giron's hand and from the cloth

7    used to tie her up at the crime scene, the record of many calls that were made from his cell

8    phone to the victim's during the time surrounding her death, and the testimony of a store

9    clerk that Pena looked similar to a person who attempted to use Giron's credit card a few

10   days after her death.  (*Id.* at 4-8.)  Pena also told the police that he had visited Giron the

11   night of her death, stated that he left after she had refused his offer of money in exchange

12   for her sexual services, and admitted that he stole her laptop computer.  (*Id.* at 10.)

### STANDARD OF REVIEW

14           Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"),

15   this Court may entertain a petition for writ of habeas corpus "in behalf of a person in

16   custody pursuant to the judgment of a State court only on the ground that he is in custody

17   in violation of the Constitution or laws or treaties of the United States."  28 U.S.C.

18   § 2254(a).  The petition may not be granted with respect to any claim that was adjudicated

19   on the merits in state court unless the state court's adjudication of the claim:  "(1) resulted

20   in a decision that was contrary to, or involved an unreasonable application of, clearly

21   established Federal law, as determined by the Supreme Court of the United States; or

22   (2) resulted in a decision that was based on an unreasonable determination of the facts in

23   light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).

24           "Under the 'contrary to' clause, a federal habeas court may grant the writ if the state

25   court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question

26   of law or if the state court decides a case differently than [the] Court has on a set of

27   materially indistinguishable facts."  *Williams (Terry) v. Taylor*, 529 U.S. 362, 412–13

28   (2000).

United States District Court
Northern District of California

2

1    "Under the 'unreasonable application' clause, a federal habeas court may grant the

2    writ if the state court identifies the correct governing legal principle from [the] Court's

3    decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at

4    413.  "[A] federal habeas court may not issue the writ simply because that court concludes

5    in its independent judgment that the relevant state-court decision applied clearly

6    established federal law erroneously or incorrectly.  Rather, that application must also be

7    unreasonable." *Id.* at 411.  A federal habeas court making the "unreasonable application"

8    inquiry should ask whether the state court's application of clearly established federal law

9    was "objectively unreasonable." *Id.* at 409.

10    When presented with a state court decision that is unaccompanied by a rationale for

11    its conclusions, a federal court must conduct an independent review of the record to

12    determine whether the state-court decision is objectively unreasonable.  *See Delgado v.*

13    *Lewis*, 223 F.3d 976, 982 (9th Cir. 2000).  This review is not de novo.  "[W]here a state

14    court's decision is unaccompanied by an explanation, the habeas petitioner's burden still

15    must be met by showing there was no reasonable basis for the state court to deny relief."

16    *Harrington v. Richter*, 131 S. Ct. 770, 784 (2011).

17                                         **DISCUSSION**

18    **I.    Exclusion of Evidence of Third Party Culpability**

19    Prior to trial, Pena sought to admit evidence that another person, Turo Collins, was

20    Giron's killer.[2]  He made an offer of proof that Collins (1) telephoned Giron on May 6th,

21    (2) was within 3 miles of Giron's hotel near the time of her murder, (3) had sufficient time

22    to commit the crime, (4) lacked a good alibi because his girlfriend repeatedly lied about his

23    whereabouts on May 6th, and (5) was arrested in 2006 for beating up a woman and, while

24    holding a gun to her head, threatening to shoot her.  (Ans., Ex. 6 at 12.)

25

26

27    [2] At trial, Pena also sought to introduce evidence that another man, Vincent Hudson, could
      have been responsible, but his motion was denied.  He did not raise the exclusion of the
28    Hudson evidence to the state appellate court, which deemed the claim waived, nor has he
      raised the claim in this action.  (Ans., Ex. 6 at 12 n.10.)

United States District Court
Northern District of California

United States District Court
Northern District of California

1    The prosecution responded that (1) the only connection between Collins and Giron

2    was the telephone call, and that there was no evidence that he had actually talked to her,

3    (2) no physical evidence linked Collins to the crime, and (3) neither Collins nor his blue

4    Cadillac was seen on any of the hotel's video footage that was taken around the time of the

5    murder.  (*Id.* at 13.)

6    The trial court excluded the evidence.  It concluded that there was no direct or

7    circumstantial link between Collins and the murder.  It found that whatever probative value

8    the evidence had was outweighed by concerns about consuming undue court time and a

9    creating a confusion of issues.  (*Id.*)

10    The state appellate court rejected Pena's claim.  Evidence of third-party culpability

11    must be "direct or circumstantial evidence linking that third person to the actual

12    perpetration of the crime."  (*Id.* at 15.)  Evidence of mere motive or opportunity to commit

13    the crime is insufficient to justify the admission of third-party culpability.  (*Id.* at 18.)

14    Under these principles, it held that the trial court acted well within its discretion in

15    excluding the evidence.  Further, the court found that "it was questionable whether Collins

16    ever spoke with [Giron] at all" and that there was no evidence that Collins met Giron or

17    went to her hotel.  (*Id.*)  Pena, on the other hand, admitted to being in Giron's hotel room

18    close in time to her murder.

19    State and federal rulemakers have broad discretion in excluding evidence from

20    trials, limited by a defendant's constitutional rights to due process and to present a defense.

21    *Holmes v. South Carolina*, 547 U.S. 319, 324 (2006).  The Court recognizes that "well-

22    established rules of evidence permit trial judges to exclude evidence if its probative value

23    is outweighed by certain other factors such as unfair prejudice, confusion of the issues, or

24    potential to mislead the jury."  *Id.* at 326.  The Ninth Circuit has repeatedly found that state

25    courts have acted reasonably in excluding unreliable or insubstantial evidence of third-

26    party culpability.  *See Phillips v. Herndon*, 730 F.3d 773, 776-78 (9th Cir. 2013); *Christian*

27    *v. Frank*, 595 F.3d 1076, 1085-86 (9th Cir. 2010); and *Spivey v. Rocha*, 194 F.3d 971, 978

28    (9th Cir. 1999).

1    Habeas relief is not warranted here.  The state appellate court reasonably

2    determined that the evidence lacked probative value.  There was <u>no</u> evidence, either direct

3    or circumstantial, that linked Collins to the murder.  The sole link between him and the

4    victim was evidence that he called her, a link made weaker by the fact that there is no

5    evidence that they ever spoke.  The state appellate and trial courts reasonably determined

6    that introduction of such insubstantial evidence would unduly consume court time.

7    Furthermore, Pena has not shown prejudice.  There was strong evidence supporting

8    his guilt.  He admitted to being at the crime scene.  His DNA signature matched those of

9    the samples taken from the crime scene of the victim's hand and of the cloth bindings that

10   were used to tie her up.  There was a record of many phone calls from him to Giron.  And

11   there was testimony from a store clerk that Pena resembled the man who tried to use

12   Giron's credit card after the murder.

13   The state appellate court's decision was reasonable and is entitled to AEDPA

14   deference.  This claim is DENIED.

15   **II.    CALCRIM No. 376**

16   Pena's next claim regards the words italicized below in the text of CALCRIM

17   No. 376  ("Possession of Recently Stolen Property as Evidence of a Crime"), which, as

18   read to his jury, states

19
20   If you conclude that the defendant knew he possessed property and you
     conclude the property had in fact been recently stolen, you may not convict
21   the defendant of robbery or the lesser offense of theft based on those facts
     alone; however, if you also find supporting evidence tends to prove his
22   guilt, then you may conclude the evidence is sufficient to prove robbery or
     the lesser offense of theft.  *The supporting evidence need only be slight,*
23   *[and] need not be enough by itself to prove guilt.*  You may consider how
     and where the defendant possessed the property along with any other
24   relevant circumstance tending to prove his guilt of the robbery or the lesser
     offense of theft.  [¶]  Remember, you may not convict the defendant of any
25   crime unless you're convinced each fact essential to conclude the defendant
     is guilty of a crime has been proved beyond a reasonable doubt.  (Italics
26   added.)
27
28   (Ans., Ex. 6 at 22.)  Pena contended on appeal that the term "slight" as used in the

United States District Court
Northern District of California

1    instruction unconstitutionally lowered the prosecutor's burden of proof:

2
3        'To tell jurors that they may make an inference of guilt based on 'slight'
         corroboration is to dilute the constitutionally ineluctable rule that a criminal
4        conviction may be predicated only on proof beyond a reasonable doubt.'
         [Pena] contends that the instruction was not prejudicial 'to the robbery
5        conviction as such,' but rather reduced the prosecution's proof burden for
         murder.
6

7    (*Id.*)

8        The state appellate court rejected this claim.  "[T]here is nothing in the

9    instruction that directly or indirectly addresses the burden of proof, and nothing in

10   it relieves the prosecution of its burden to establish guilty beyond a reasonable

11   doubt." (*Id.* at 23) (citations omitted).  Also, the court's other instructions on the

12   weighing of evidence and burdens of proof eliminated the possibility that the

13   instruction reduced the burden of proof.  (*Id.*)

14       The court also found that the instruction's use of "slight" does not violate due

15   process.  The state appellate court concluded that the instruction allows the jury to draw a

16   permissive inference.  Because it is a permissive, rather than a mandatory, inference, due

17   process requires only that the supporting evidence be slight.  (*Id.*)

18       The Due Process Clause requires the prosecution to prove every element charged in

19   a criminal offense beyond a reasonable doubt. *See In re Winship*, 397 U.S. 358, 364

20   (1970).  If the jury is not properly instructed that a defendant is presumed innocent until

21   proven guilty beyond a reasonable doubt, the defendant has been deprived of due process.

22   *See Middleton v. McNeil*, 541 U.S. 433, 436 (2004).  Any jury instruction that "reduce[s]

23   the level of proof necessary for the Government to carry its burden . . . is plainly

24   inconsistent with the constitutionally rooted presumption of innocence." *Cool v. United*

25   *States*, 409 U.S. 100, 104 (1972).

26       To obtain federal collateral relief for errors in the jury charge, a petitioner must

27   show that the disputed instruction by itself so infected the entire trial that the resulting

28

United States District Court
Northern District of California

1    conviction violates due process.  *See Estelle v. McGuire*, 502 U.S. 62, 72 (1991).  The

2    instruction may not be judged in artificial isolation, but must be considered in the context

3    of the instructions as a whole and the trial record.  *Id.*  In other words, a federal habeas

4    court must evaluate the jury instructions in the context of the overall charge to the jury as a

5    component of the entire trial process.  *United States v. Frady*, 456 U.S. 152, 169 (1982)

6    (citing *Henderson v. Kibbe*, 431 U.S. 145, 154 (1977)).

7         Habeas relief is not warranted here, both because the instruction was proper and

8    there was no prejudice to Pena.  First, the state appellate court reasonably concluded that

9    the instruction did not lower the prosecution's burden of proof.  The instruction repeated

10   the reasonable doubt standard at its end, reminding the jury that its final determination of

11   guilt must adhere to that standard.  That supporting evidence need only be "slight" lowered

12   no burden of proof.  The instruction clearly limited the use of "slight" to only one sub-part

13   of a larger determination, a larger determination that was subject to the beyond a

14   reasonable doubt standard.  Furthermore, the jury could not consider that "slight"

15   supporting evidence until it had first concluded that Pena knowingly possessed stolen

16   property and that the property had in fact been recently stolen.

17        In addition, the jury heard a separate instruction that it cannot convict petitioner of

18   any crime unless the prosecutor proves his guilt beyond a reasonable doubt.  (Ans., Ex. 2,

19   Vol. 6 at 672-73.)  Jurors are presumed to follow their instructions.  *See Richardson v.*

20   *Marsh*, 481 U.S. 200, 206 (1987).  This Court must presume that the jury understood the

21   trial court's instructions and applied the correct standard.  *Id.*

22        Second, Pena has not shown prejudice.  The evidence of his guilt was strong.  He

23   admitted to meeting Giron on the day of her death, his DNA signature was found at the

24   crime scene, he called her many times in the time surrounding her death, and he was seen

25   using her credit card in the days following her death.  The weight of this evidence renders

26   meritless any contention that he suffered prejudice.

27        There is no support for the assertion that the disputed instruction lowered the

28   burden of proof or deprived Pena of a constitutionally fair trial.  The state appellate court's

United States District Court
Northern District of California

1   decision was reasonable and is entitled to AEDPA deference.  This claim is DENIED.

2                              **CONCLUSION**

3       The state courts' adjudication of Pena's claims did not result in decisions that were

4   contrary to, or involved an unreasonable application of, clearly established federal law, nor

5   did they result in decisions that were based on an unreasonable determination of the facts

6   in light of the evidence presented in the state court proceeding.  Accordingly, the petition

7   is DENIED.

8       A certificate of appealability will not issue.  Reasonable jurists would not "find the

9   district court's assessment of the constitutional claims debatable or wrong."  *Slack v.*

10  *McDaniel*, 529 U.S. 473, 484 (2000).  Pena may seek a certificate of appealability from the

11  Ninth Circuit.

12      The Clerk shall judgment in favor of respondent and close the file.

13      **IT IS SO ORDERED.**

14  **Dated:**  June 1, 2015



15                              WILLIAM H. ORRICK
16                              United States District Judge

17

18

19

20

21

22

23

24

25

26

27

28

8